UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA NICOLAYSEN
DOWHAN, ERIK ELIASON
ANDREW KRESS,
MATHEWS V. JOHN,
REMO MORRONE,
SUSAN QUICK, SUZANNE
TWOMLEY, and
CHING PEI, individually and
on behalf of similarly situated LL5/LL6
employees,

    Plaintiffs,

vs.

FORD MOTOR COMPANY,
a Delaware Corporation,

    Defendant.

Case No. 19-cv-11923

Hon. Bernard A. Friedman
United States District Judge

Mag. Judge: Anthony P. Patti

**PLAINTIFF'S MOTION TO EXTEND DATES IN CASE MANAGEMENT ORDER BY SIXTY DAYS**

**ORAL ARGUMENT REQUESTED**

Plaintiffs, by and through counsel, request entry of an order extending the dates in the Court's Case Management Order by ninety days. This motion is supported by good cause as follows:

1. On May 16, 2021, the Court entered a stipulated order modifying the Court's scheduling order to extend deadlines, the purpose of which was to afford the parties additional time to complete discovery. ECF No. 41.

2. Under the current Scheduling Order, discovery is due by September 16, 2021, the dispositive motion cut-off is January 6, 2022, the final pretrial conference is set for April 12, 2022, and trial is set for April 19, 2022. ECF No. 41.

3. When the stipulated order was entered, Plaintiffs' counsel had noticed the depositions of eight defense witnesses to be conducted on May 3, 4, 5, 6, 7, 10 11, and 12, 2021. Plaintiff served these deposition notices on March 17, 2021.

4. These depositions were adjourned after the Court entered the stipulated order, and Ford then completed all eight of the plaintiffs' depositions. The last plaintiffs' deposition was completed on July 14, 2021.

5. Over the past several months, Plaintiffs' counsel has repeatedly requested dates for the depositions of Ford witnesses, including the eight "designers" and "staffers" who purportedly selected the plaintiffs for termination.

6. On Sunday, August 15, 2021, Ford's counsel offered dates for the depositions of three of the eight depositions of the designers/staffers.

7. Plaintiff has also filed a motion to compel company-wide statistical data (ECF No. 49) and a second motion to compel responses to their second set of interrogatories and third requests for production, and to compel the production of witnesses for depositions. (ECF No. 55).

8. Ford has also requested dates on which to notice the deposition of Plaintiff's statistical expert, with proposed dates in September 2021, including dates

on and after the current discovery deadline. See ECF No. 55-5 (email requesting dates for deposition).

9. To effectively depose the decision makers in this case, Plaintiffs require complete responses to their second set of interrogatories and third requests for production, which request identification of and documents regarding the personnel who worked in Plaintiffs' business units before, during, and after the reduction-in-force. See ECF No. 55 (Motion to Compel).

10. There is not enough time remaining in the current discovery schedule to complete briefing and obtain ruling on the pending motions to compel (ECF No. 49 and ECF No. 55), to allow the parties time to provide any discovery that is ordered based on those motions, and to schedule and effectively depose the witnesses whose testimony will be based largely on the disputed discovery materials.

11. Prior to filing this motion, Plaintiffs requested concurrence from Ford's counsel. Concurrence was not obtained, thus necessitating the filing of this motion.

12. This Court possesses the inherent power to control its docket to promote the economy of time and effort for itself, for counsel, and for litigants. *Landis v. No. Amer. Co.*, 299 U.S. 248, 254 (1936).

13. In exercising this control, district courts have broad discretion over the management of pre-trial activities, including discovery and scheduling. *S&W Enters, LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

14. Under Rule 16(b) of the Federal Rules of Civil Procedure, the Court's scheduling order may be modified upon a showing of good cause. *Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 292 F.R.D. 369, 373 (W.D. Tex. 2013).

15. The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Charter Sch. Solutions v. GuideOne Mut. Ins. Co.*, 333 F.R.D. 97, 100 (W.D. Tex. 2019) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

16. In this case, the good cause standard is satisfied because the parties cannot reasonably meet the September 16, 2021 discovery deadline while still completing: (1) briefing, argument, and resolution of Plaintiff's motions to compel discovery, (2) the depositions of Ford witnesses, (3) the depositions of liability experts, particularly since Plaintiffs' expert has not been provided with discovery necessary to address the merits of Ford's contention that a statistical analysis must account for performance as it was actually applied as a factor in the decision making process, and (4) any follow-up discovery, as needed, in light of the Court's ruling on the motion to compel and the testimony of Ford witnesses.

17. Plaintiffs would be unfairly prejudiced by the delays in discovery and by the existing discovery deadline because there is not enough time remaining in discovery to complete the matters described above.

18. An extension of ninety days, which would extend the discovery date from September 16, 2021, to December 16, 2021, would not prejudice any party because the extension would not affect any other existing dates, specifically, the existing dispositive motion cut-off (January 6, 2022), the final pretrial conference (April 12, 2022), and the trial date (April 19, 2022).

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiffs request that the Court enter an Order extending the dates in the Case Management Order by ninety days so that the parties can: complete the briefing, argument, and resolution of Plaintiffs motions to compel, complete the depositions of Ford witnesses, complete the depositions of liability experts, and complete any follow-up discovery, as needed, in light of the Court's ruling on the motion to compel and the testimony of the Ford witnesses.

Respectfully submitted,

PITT, MCGEHEE, PALMER,
BONANNI & RIVERS PC

*/s/ Kevin M. Carlson* (P67704)
Kevin M. Carlson (P67704)
Megan A. Bonanni (P52079)
Michael L. Pitt (P24429)
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
kcarlson@pittlawpc.com
mbonanni@pittlawpc.com
mpitt@pittlawpc.com

Date: August 16, 2021

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)**

The undersigned certifies that Plaintiff's counsel contacted Defendant's counsel to request concurrence in the relief requested, but Defendant's counsel denied concurrence, necessitating the filing of this motion.

    Respectfully submitted,

    PITT, MCGEHEE, PALMER,
    BONANNI & RIVERS PC

    */s/ Kevin M. Carlson* (P67704)
    Kevin M. Carlson (P67704)
    Megan A. Bonanni (P52079)
    Michael L. Pitt (P24429)
    117 West Fourth Street, Suite 200
    Royal Oak, MI 48067
    248-398-9800
    kcarlson@pittlawpc.com
    mbonanni@pittlawpc.com
    mpitt@pittlawpc.com

Date: August 16, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA NICOLAYSEN
DOWHAN, ERIK ELIASON
ANDREW KRESS,
MATHEWS V. JOHN,
REMO MORRONE,
SUSAN QUICK, SUZANNE
TWOMLEY, and
CHING PEI, individually and
on behalf of similarly situated LL5/LL6
employees,

    Plaintiffs,

vs.

FORD MOTOR COMPANY,
a Delaware Corporation,

    Defendant.

Case No. 19-cv-11923

Hon. Bernard A. Friedman
United States District Judge

Mag. Judge: Anthony P. Patti

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DATES IN SCHEDULING ORDER BY NINETY DAYS

This Court possesses the inherent power to control its docket to promote the economy of time and effort for itself, for counsel, and for litigants. *Landis v. No. Amer. Co.*, 299 U.S. 248, 254 (1936). In exercising this control, district courts have broad discretion over the management of pre-trial activities, including discovery and scheduling. *S&W Enters, LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Under Rule 16(b) of the Federal Rules of Civil Procedure, the

Court's scheduling order may be modified upon a showing of good cause. *Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 292 F.R.D. 369, 373 (W.D. Tex. 2013). The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Charter Sch. Solutions v. GuideOne Mut. Ins. Co.*, 333 F.R.D. 97, 100 (W.D. Tex. 2019) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

In this case, the good cause standard is satisfied because the parties cannot reasonably meet the September 16, 2021 discovery deadline while still completing: (1) briefing, argument, and resolution of Plaintiff's motions to compel discovery, (2) the depositions of Ford witnesses, (3) the depositions of liability experts, particularly since Plaintiffs' expert has not been provided with discovery necessary to address the merits of Ford's contention that a statistical analysis must account for performance as it was actually applied as a factor in the decision making process, and (4) any follow-up discovery, as needed, in light of the Court's ruling on the motion to compel and the testimony of Ford witnesses.

Plaintiffs would be unfairly prejudiced by the delays in discovery and by the existing discovery deadline because there is not enough time remaining in discovery to complete the matters described above.

An extension of ninety days, which would extend the discovery date from September 16, 2021, to December 16, 2021, would not prejudice any party because

the extension would not affect any other existing dates, specifically, the existing dispositive motion cut-off (January 6, 2022), the final pretrial conference (April 12, 2022), and the trial date (April 19, 2022).

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiffs request that the Court enter an Order extending the dates in the Case Management Order by ninety days so that the parties can: complete the briefing, argument, and resolution of Plaintiffs motions to compel, complete the depositions of Ford witnesses, complete the depositions of liability experts; and complete any follow-up discovery, as needed, in light of the Court's ruling on the motion to compel and the testimony of the Ford witnesses.

          Respectfully submitted,

          PITT, MCGEHEE, PALMER,
          BONANNI & RIVERS PC

          */s/ Kevin M. Carlson* (P67704)
          Kevin M. Carlson (P67704)
          Megan A. Bonanni (P52079)
          Michael L. Pitt (P24429)
          117 West Fourth Street, Suite 200
          Royal Oak, MI 48067
          248-398-9800
          kcarlson@pittlawpc.com
          mbonanni@pittlawpc.com
          mpitt@pittlawpc.com

Date: August 16, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on August 16, 2021.

                                      Respectfully submitted,

                                      PITT, MCGEHEE, PALMER, BONANNI & RIVERS PC

                                      */s/ Kevin M. Carlson* (P67704)
Kevin M. Carlson (P67704)
Megan A. Bonanni (P52079)
Michael L. Pitt (P24429)
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
kcarlson@pittlawpc.com
mbonanni@pittlawpc.com
mpitt@pittlawpc.com

Date: August 16, 2021