UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA NICOLAYSEN DOWHAN,
*et al.*,

                                     Case No. 2:19-cv-11923
                                     District Judge Bernard A. Friedman
               Plaintiffs,       Magistrate Judge Anthony P. Patti

v.

FORD MOTOR COMPANY,

               Defendant.

_____/

## <u>ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL</u>
## <u>(ECF Nos. 44, 49)</u>

Plaintiffs initiated this lawsuit in June 2019.  (ECF No. 1.)  On August 16, 2019, Plaintiff filed an amended complaint, which sets forth alleged violations of ERISA, the Elliott-Larsen Civil Rights Act, and the Age Discrimination in Employment Act.  (ECF No. 5, PageID.100-115 ¶¶ 201-268.)  Defendant filed an answer and affirmative defenses on October 15, 2019.  (ECF No. 19.)  Discovery is to be completed by September 16, 2021.  (ECF No. 41.)

Currently before the Court are Plaintiffs' July 6, 2021 and July 21, 2021 motions to compel, the former redacted and the latter unredacted.  (ECF Nos. 44, 49.)  Judge Friedman has referred these motions to me for hearing and

determination.  (ECF Nos. 45, 50.)  Defendant has filed a response, and Plaintiff

has filed a reply.  (ECF Nos. 48, 51.)

A video motion hearing was held on August 17, 2021, at which multiple

attorneys for both sides appeared.  (ECF Nos. 46, 52.)  The Court entertained oral

argument on the pending motions (ECF Nos. 44, 49), after which the Court issued

its ruling from the bench.

For the reasons stated on the record, <u>all of which are incorporated by</u>

<u>reference as though fully restated herein</u>, Plaintiffs' motions to compel (ECF Nos.

44, 49) are **DENIED.**  In sum:  (1) Ford produced decisional data in December

2020, after much wrangling between the parties as to the scope of what it should

include; (2) Plaintiffs' July 2021 motions seeks company-wide data (ECF No. 44,

PageID.443; ECF No. 49, PageID.660); (3) the information sought by RTP No. 7,

which was served in early 2020 (ECF No. 51-1, PageID.843), admittedly does not

completely line up with the motion's prayer for relief (*see* ECF No. 51,

PageID.774, and as specifically discussed at oral argument);[1] (4) Plaintiffs' July

---

[1] Plaintiffs' motion to compel did not comply with E.D. Mich. LR 37.2, which
requires, "in the motion itself or in an attached memorandum, a verbatim recitation
of each interrogatory, request, answer, response, and objection which is the subject
of the motion or a copy of the actual discovery document which is the subject of
the motion."  E.D. Mich. L.R. 37.2.  Instead, Plaintiffs first identified the discovery
requests at issue in the reply brief, and then conceded at oral argument that only
one of the three discovery requests mentioned in the reply brief unambiguously
sought company-wide data, namely Request to Produce No. 7.  (ECF No. 51-1,
PageID.843.)

2021 motions were filed well after their original, February 2020 conception and

well after Plaintiffs' September 2020 threat to file such a motion; (5) Plaintiffs'

expert, Dr. Macpherson, issued his February 11, 2021 report based solely on the

decisional unit data (ECF No. 49-3); (6) Defendant's expert, Dr. Ward, issued his

May 13, 2021 report (ECF No. 49-4), which was critical of Dr. Macpherson's

methods for sundry reasons, and Dr. Ward limited himself to the same data relied

upon by Dr. Macpherson and does not appear to have independently relied upon

company-wide data, although Dr. Ward did rely upon information gleaned from

Court's December 29, 2020 order on class certification (ECF No. 35) and from the

Court record;[2] (7) Dr. Macpherson's June 23, 2021 declaration sets forth four

reasons why he believes "it is necessary to obtain data from the remaining

decisional units to reach a conclusion regardingLL5/LL6 managers who are older

or close to receiving a pension benefit[,]" (ECF No. 49-5), yet "Plaintiffs

expressly do not concede that the current statistical analysis is inadequate

based on the smaller data set[,]" (ECF No. 49, PageID.664), and, instead, argue,

*inter alia*, that the company-wide data is needed to rebut Defendant's expert and,

without record support and contrary to Dr. Ward's own report (ECF No. 49-4,

---

[2] Of course, it if turns out that Dr. Ward relied upon other data, Defendant would be required to share it with Plaintiffs and identify it in his report.  Fed. R. Civ. P. 26(b)(4)(C)(ii) ("*Trial Preparation: Experts.*") and Fed. R. Civ. P. 26(a)(2)(B)(ii) ("*Disclosure of Expert Testimony.*").

PageID.741), claim that "Dr. Ward had access to information that Ford deliberately

withheld from discovery," (ECF No. 51, PageID.778); (8) the Court concludes that

Plaintiff does not need such information for rebuttal, both because Plaintiffs'

expert can respond to the criticisms of his report and methodology without it and

because there is no evidence that Defendant's expert had access to or relied upon a

broader set of data than did Dr. Macpherson; and, (9) if the Court were to reopen

the issue, Ford would be prejudiced in the expert discovery process, pretrial

litigation would be extensively elongated over two years after the lawsuit

commenced, Plaintiffs would essentially be given an unwarranted "do-over" for

their expert's report and analysis, and Plaintiffs would be rewarded for their

unreasonable delay in filing this motion, which came 17 months after they claim to

have first drafted and threatened it, and only after they had the benefit of reviewing

Dr. Ward's analysis.  Moreover, although it is disputed, the relevancy of the

broader, company-wide data sought by Plaintiffs is questionable, as Ford has

propounded evidence that the reduction in force decisions at issue were made in

local decisional units (ECF No. 48-2, PageID.610-611), and, in such cases, a

district court in its discretion may limit discovery "to the employing unit." *Scales*

*v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir. 1991) (internal citations

omitted).[3]

 Finally, as explained on the record in further detail, the payment of expenses

is not warranted, because, even if tardy, "the motion was substantially justified"

and "other circumstances make an award of expenses unjust." Fed. R. Civ. P.

37(a)(5)(B).[4]

 **IT IS SO ORDERED.**

**Dated:** August 18, 2021

            Anthony P. Patti
            U.S. MAGISTRATE JUDGE

---

[3] And, although the Court does not hinge its ruling on this point or definitively rule on the efficacy of Plaintiffs' belief to the contrary, the Court does note that the support for a theory of non-local decision-making that was attached to the motion appears weak, at best. (ECF Nos. 49-1, 49-2.)

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).